KATHERINE RIBNIKAR et al., Respondents, v. GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant.— In an action to recover damages for personal injuries sustained by plaintiff wife as a result of a fall in defendant's store, and by plaintiff husband for medical expenses and loss of services, judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Aldrich and Nolan, JJ.

JOHN H. RICE, Appellant, v. E. W. BLISS Co., Respondent, et al., Defendants.— Action to recover damages for personal injuries suffered by plaintiff while operating a single-trip press sold by respondent to plaintiff's employer. It was plaintiff's claim that the accident, resulting in the loss of three fingers of his right hand, was caused by the negligence of respondent in the manufacture of the press and, more particularly, as a result of defective construction and design. Judgment dismissing the complaint on the merits at the close of plaintiff's case reversed on the law and a new trial granted, with costs to appellant to abide the event. Plaintiff established a prima facie case and it was error to dismiss the complaint. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

DOROTHY STEVAN et al., Respondents, v. BEN BERNSTEIN, Appellant.— Defendant appeals from a judgment of the County Court, Westchester County, in favor of plaintiffs, entered on the verdict of a jury, in an action to recover damages for personal injuries sustained by plaintiff Dorothy Stevan, and for loss of services sustained and expenses incurred by plaintiff Ivan Stevan, her husband. The accident complained of was alleged to have occurred by reason of negligence of the defendant in maintaining, in a portion of the premises under his control and used by plaintiff Dorothy Stevan with his permission, an unguarded opening in an attic floor, leading to a stairway to the floor below. Judgment affirmed, with costs. No opinion. Johnston, Adel, Aldrich and Nolan, JJ., concur; Hagarty, Acting P. J., dissents and votes to reverse the judgment and to dismiss the complaint on the ground that no actionable negligence was established.

WILLIAM STILLPASS, as Administrator with the Will Annexed of the Estate of CELIA COHEN, Deceased, Appellant, v. SAMUEL N. SOLOFF et al., Respondents.— In an action for the foreclosure of a mortgage upon real property the complaint was dismissed upon the merits at the end of the trial, and plaintiff appeals. Judgment unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Aldrich and Nolan, JJ. [See post, p. 1046.]

CAROLINE VALENTINE, Respondent, v. CITY OF NEW YORK, Appellant, and VELLANTI REALTY & BUILDING CORPORATION, Respondent-Appellant.— Action to recover damages as a consequence of plaintiff allegedly falling on a ridge of ice on a sidewalk in front of a building of defendant Vellanti Realty & Building Corporation. Judgment, as amended, in favor of the plaintiff and against the Vellanti Corporation and the City of New York, reversed on the law and the facts and a new trial granted, with costs to abide the event. Liability could not be predicated upon the film of ice due to the precipitation on January 14 and 15, 1943, under the law of the case. It is plaintiff's theory that she fell because of a ridge of ice on a sidewalk, formed after the artificial casting of water thereon by defendant Vellanti Realty & Building Corporation. A finding that a ridge of ice there existed as a consequence of such a cause is against the weight of evidence in view of the Weather Bureau records in respect of precipitation and temperatures prior to the time of the accident. Hagarty, Acting P. J., Carswell, Johnston, Aldrich and Nolan, JJ., concur.